Request of House of Representatives,
No. 4929.

OPINION OF THE JUSTICES.

Submitted April 3, 1961.

Answer returned April 4, 1961.

The following resolution adopted by the House of Representatives on March 21, 1961, was filed in this court on March 22, 1961:

"WHEREAS, the House of Representatives has pending before it the following bill:

. . .

"House Bill No. 370 [should be House Bill No. 377], An act to provide for expansion of the state park system.

"WHEREAS, questions have arisen concerning the constitutionality of this legislation, now therefore be it

"RESOLVED, That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following question:

"1.   Do any provisions of said bill violate any provisions of the constitution of the state of New Hampshire?

. . .

"FURTHER RESOLVED, That the Speaker transmit ten copies of this Resolution together with ten copies of the foregoing House Bill to the Clerk of the Supreme Court for the consideration by said Court."

The following answer was returned:

*To the House of Representatives:*

The Justices of the Supreme Court make the following reply to your request for advice upon the question:  "Do any provisions of [House Bill 377] violate any provisions of the constitution of the state of New Hampshire?"

House Bill 377 would authorize the Forestry and Recreation Commission to acquire lands adjacent to existing state parks, or new areas, to be used, developed and operated under agreements with private or public agencies. It would authorize the issue of ten million dollars of state bonds the proceeds to be used exclusively for purposes of the act. Its stated purposes include the preservation and development of scenic, historic, scientific, and recreational areas, to the end that as tourist attractions they may promote the welfare and economy of the state and its inhabitants.

The purposes of the bill are public ones, for which public funds may properly be used. Cf. RSA chs. 216, 218, 219. All undertakings by the Commission are subject to approval by the Governor and Council, which presumably would be withheld if private rather than public benefits were likely to result. See *Opinion of the Justices*, regarding House Bill 225 rendered this day. 103 N. H. 258.

In the absence of any inquiry with respect to special features of the bill, we consider that our constitutional duty is fulfilled by expression of our opinion that the bill is constitutional on its face. So limited, our answer to your inquiry is "no."

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

April 4, 1961.

*Louis C. Wyman*, Legislative Counsel to the Governor, furnished a memorandum in support of a negative answer.